ment. For these reasons, the judgment and order appealed from should be reversed, and a new trial granted.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.

LODER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department.   June 12, 1903.)

1. STREET RAILWAYS—STRIKING PERSON NEAR TRACK—CONTRIBUTORY NEGLI-
   GENCE.
     One cannot be held guilty of contributory negligence as matter of law because she stood with her back so near a street car track that she was struck by a projecting rail on the side of a street car, for which she was waiting, she having known that previously the cars stopped just before reaching that point, and went no further, and not knowing of the change made a month or six weeks before.

2. SAME—NEGLIGENCE.
     Whether the rail on the side of a street car, by which plaintiff, stand-ing back to the track, was struck, projected further than the front of the car, which passed without striking her, so that the motorman was negligent in not warning her, or she got nearer to the track after the front of the car passed her, is a question for the jury; a conductor having testified that the rail did not project farther than the dashboard, and other witnesses having testified that plaintiff did not change her position.

Appeal from Trial Term, Kings County.

Action by Victorine A. Loder against the Metropolitan Street Railway Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-WARD, HIRSCHBERG, and HOOKER, JJ.

Bayard H. Ames (Charles F. Brown, on the brief), for appellant.
Alfred J. Gilchrist, for respondent.

WILLARD, BARTLETT, J.   The plaintiff was struck and knock-ed down by a trolley car of the defendant, coming from the south, as she was standing near the defendant's track opposite the entrance to the New York and Brooklyn Bridge, in the borough of Manhattan. Her back was toward the car which struck her, as she was looking northward up Center street, as she testifies, waiting for a Madison avenue car to come down to the point where she was, at which point she expected to take it and go uptown.   She states that the Madison avenue cars which she had previously taken there had not gone south of the place where she was standing.   "I had found them coming down there," she says, "and stopping."   She declared that she did not know that the cars passed beyond that point and went down as far as the post office.   "I thought they all stopped at that point and returned."   There is other evidence in the case to the effect that a month or six weeks before the accident the Madison avenue cars

began to run south of the bridge entrance, down to the post office.

The appellant charges the plaintiff with contributory negligence in standing with her back turned toward the approaching car, so close to the track that the car struck her. She accounts for her position, however, by her knowledge of the previous practice of the defendant in operating this portion of its line, which led her to suppose that no cars were to be expected to approach from the south. We think that the jury were entitled to take into consideration the plaintiff's information in this respect, as bearing upon her prudence under the circumstances, and that it cannot be held as matter of law that her conduct establishes contributory negligence. It is asserted in the appellant's brief in reply that the place where the plaintiff stood was not where the Madison avenue cars previously stopped, but 20 feet further south. This variance is immaterial, however; for, if she knew they were accustomed to stop 20 feet north of the spot where she was waiting, she had no reason to suppose that any car would come up behind her from the south.

The proof was sufficient to justify the jury in finding that the car approached the plaintiff and struck her without any warning from the motorman, although she was in plain sight. He testified that he noticed her standing close to the track, but that he did not stop the car before he reached her, "because she was far enough away from the track to clear the car." As matter of fact, the fender and dashboard appear to have passed the plaintiff without touching her, but she was struck by the handlebar on the body of the car. A conductor in the employ of the defendant testified that the fender and dashboard were pretty near the same width, and that the side or end rail of the car did not stand out beyond the dashboard. Hence it is argued in behalf of the appellant that no duty was imposed upon the motorman to take any action to avoid injuring the plaintiff, inasmuch as she was so situated that the front of the car passed her in safety, and he could not foresee that some part of the car further back was likely to strike her. The implication is that the plaintiff must have leaned toward the car after the fender and dashboard passed her. Opposed to this inference is the statement of two witnesses (one of them called by the defendant) that she did not change her position at all. Their testimony may well have been regarded by the jury as irreconcilable with the testimony of the conductor that the rail which struck the plaintiff projected no further than the dashboard, and, if so, the jury were certainly at liberty to reject the latter statement, coming, as it did from an employé of the defendant. On all the evidence, we think the plaintiff was entitled to have the jury pass upon the question whether the motorman, as the defendant's agent, exercised due care in the management of the car to avoid injuring the plaintiff, under the circumstances of the accident.

It does not seem necessary to discuss the numerous cases on the negligence of street railway companies, cited in the briefs which are submitted on this appeal. The application of general principles serves to solve the principal questions, and to lead to the conclusion that there was enough to go to the jury on both branches of the case.

The award of damages cannot be pronounced excessive, and there were no errors in rulings upon evidence or in the charge. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.